UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| EFRAIN CHAVARIN-ARREOLA, | ) | |
| | ) | |
| Petitioner, | ) | 3:14-cv-00009-LRH-WGC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| ROBERT LeGRAND, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner.

Petitioner has filed a motion to proceed *in forma pauperis*. (ECF No. 1). Based on the information regarding petitioner's financial status, the Court finds that the motion to proceed *in forma pauperis* should be granted. The petition shall now be filed and served on respondents.

Petitioner has filed a motion for leave to file a longer than normal petition. (ECF No. 1-5). Good cause appearing, the motion is granted.

Petitioner has filed a motion for the appointment of counsel. (ECF No. 1-6). Pursuant to 18 U.S.C. § 3006(a)(2)(B), the district court has discretion to appoint counsel when it determines that the "interests of justice" require representation. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally

discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). Counsel may be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

The petition on file in this action is well-written and sufficiently clear in presenting the issues that petitioner wishes to bring. The issues in this case are not complex. Regarding petitioner's notification to the Court that he has received assistance from another inmate in preparing his habeas petition and other documents, this fact alone does not justify the appointment of counsel. Based on the facts presented in petitioner's motion, it does not appear that counsel is justified in this instance. The motion for the appointment of counsel is denied.

**IT IS THEREFORE ORDERED** that the application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED.**

**IT IS FURTHER ORDERED** that petitioner's motion to file a longer than normal petition (ECF No. 1-5) is **GRANTED.**

**IT IS FURTHER ORDERED** that petitioner's motion for the appointment of counsel (ECF No. 1-6) is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk shall **FILE and ELECTRONICALLY SERVE** the petition and its attachments (ECF No. 1-1, 1-2, 1-3) upon the respondents.

**IT IS FURTHER ORDERED** that respondents shall have **forty-five (45)** days from entry of this order within which to answer, or otherwise respond to, the petition. In their answer or other response, respondents shall address all claims presented in the petition. Respondents shall raise all potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and procedural default. **Successive motions to dismiss will not be entertained**. If an answer is filed, respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the

1  United States District Courts under 28 U.S.C. §2254.  If an answer is filed, petitioner shall have
2  **forty-five (45) days** from the date of service of the answer to file a reply.
3      **IT IS FURTHER ORDERED** that any state court record exhibits filed by respondents shall
4  be filed with a separate index of exhibits identifying the exhibits by number or letter.  The hard copy
5  of all state court record exhibits shall be forwarded, for this case, to the staff attorneys in the **Reno**
6  Division of the Clerk of Court.
7      **IT IS FURTHER ORDERED** that, henceforth, petitioner shall serve upon the Attorney
8  General of the State of Nevada a copy of every pleading, motion, or other document he submits for
9  consideration by the Court.  Petitioner shall include with the original paper submitted for filing a
10 certificate stating the date that a true and correct copy of the document was mailed to the Attorney
11 General.  The Court may disregard any paper that does not include a certificate of service.  After
12 respondents appear in this action, petitioner shall make such service upon the particular Deputy
13 Attorney General assigned to the case.
14     Dated this 21st day of April, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE