# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

EFRAIN CHAVARIN-ARREOLA,

    Petitioner,

vs.

ROBERT LeGRAND, *et al.*,

    Respondents.

Case No. 3:14-cv-00009-LRH-WGC

**ORDER**

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner. Before the Court is respondents' motion a more definite statement filed pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. (ECF No. 8).

On December 30, 2013, petitioner dispatched his federal habeas petition to this Court. (ECF No. 4, at p. 1, item 5). Petitioner, who was convicted of two counts of lewdness with a minor under the age of 14, in the Eighth Judicial District for the State of Nevada, challenges his convictions. (ECF No. 4, at p. 2). The petition contains seven grounds for relief. By order filed April 22, 2014, this Court directed the respondents to file a response to the petition. (ECF No. 3). Respondents have filed the instant motion for a more definite statement. (ECF No. 8). Petitioner has not filed an opposition or other response to respondents' motion for a more definite statement.

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A motion for a more definite statement must point out the defects complained of and the details desired. *Id.* "If the court orders a more definite statement and the

order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order." *Id.* Pursuant to Rule 2(c) of the Rules Governing Section 2254 Cases, a federal habeas petition must specify all grounds for relief and "state the facts supporting each ground."

In the instant case, the federal habeas petition lists seven grounds for relief, as follows:

> Ground 1: 5th, 6th, 14th Amendment right to self-incrimination, effective assistance of counsel, and due process.
>
> Ground 2: 5th, 6th, 14th Amendment right to fair trial/impartial jury, due process, and effective assistance of counsel.
>
> Ground 3: 5th, 6th, 14th Amendment right to self-incrimination, due process, and effective assistance of counsel.
>
> Ground 4: 5th, 6th, 14th Amendment right to due process, effective assistance of counsel, and equal protection under the law.
>
> Ground 5: 5th, 6th, 14th Amendment right to due process, effective assistance of counsel, and equal protection under the law.
>
> Ground 6: 5th, 6th, 14th Amendment right to due process and effective assistance of counsel.
>
> Ground 7: 5th, 6th, 14th Amendment right to due process, effective assistance of counsel, and equal protection under the law.

(ECF No. 4). Within each ground for relief, instead of stating the basis, argument, and facts supporting each ground, petitioner refers to 5 separate appendices of state court proceedings, which are attached to the form habeas petition. As to each of the seven grounds, petitioner alleges violations to the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. However, petitioner does not make any factual allegations or legal argument within the four corners of the petition itself to support his broad claims of constitutional violations. Instead, as to each ground in the federal petition, petitioner refers only to page numbers of the appendices attached to the petition, which are comprised of the following portions of the state court record: (1) petitioner's fast track statement on direct appeal; (2) petitioner's *pro se* state habeas petition filed in the state district court; (3) the counseled supplemental state petition filed in the state district court; (4) petitioner's fast track statement on appeal from the denial of his state habeas petition; and (5) petitioner's fast track reply on appeal from the denial of his state habeas petition. Petitioner cites to

*Dye v. Hofbauer*, 546 U.S. 1 (2005), to support his attachment of the five appendices to each of his stated grounds as the sole support for each of the grounds. (ECF No. 4, at p. 3, footnote 1). Petitioner's reliance on *Dye v. Hofbauer* is misplaced in this context. In *Dye v. Hofbauer*, the Court rejected the State's assertion that the petitioner had not exhausted the claims in his federal habeas petition. 546 U.S. at 4. The Court in *Dye* addressed petitioner's reference to a supporting brief appended to the federal petition in the context of exhaustion. *Id.* "The habeas corpus petition made clear and repeated references to an appended supporting brief, which presented Dye's federal claim with more than sufficient particularity." *Id.* The words "repeated reference" imply that the petitioner in *Dye* was engaging in some sort of argument or assertion in his petition, for which the appended material was supportive. By contrast, in the instant case, the petition itself is devoid of any factual allegations or legal argument in support the broad claims of constitutional violations. The petition is so vague that respondents cannot reasonably form a meaningful response. As such, respondents' motion for a more definite statement is granted. As set forth below, petitioner is granted an opportunity to file an amended petition that sets forth all grounds for relief, including facts and argument, for each ground within the body of the petition itself.

**IT IS THEREFORE ORDERED** that respondents' motion for a more definite statement (ECF No. 8) is **GRANTED.**

**IT IS FURTHER ORDERED** that, within **twenty (20) days** from the date of entry of this order, petitioner **SHALL FILE** an amended petition setting forth all grounds for relief sought, including facts and argument for each ground within the body of the petition.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this order, this action will be dismissed with prejudice.

DATED this 20th day of February, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE